NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE: | : | Chapter 13 |
| CORA JACKSON BOSTIC, | : | Bankruptcy Case No. 02-52127 (RTL) |
| Debtor. | : | Adversary Case No. 02-05374 (RTL) |
| CORA JACKSON BOSTIC, | : |  |
| Appellant, | : |  |
|  | : | Civil No. 06-1737 (AET) |
| v. | : |  |
|  | : | **MEMORANDUM & ORDER** |
| BENEFICIAL NEW JERSEY, INC., | : |  |
| Appellee. | : |  |

THOMPSON, U.S.D.J.

This matter is before the Court on Appellee Beneficial New Jersey, Inc.'s Motion to Dismiss Appellant Cora Jackson-Bostic's Appeal. The Court has decided this motion after reviewing the submissions of the parties. For the reasons set forth below, Appellee's motion is denied.

PROCEDURAL HISTORY

Cora Jackson-Bostic filed her voluntary Chapter 13 bankruptcy petition on February 25, 2002. On September 2, 2002, she filed a related adversary complaint against Beneficial New Jersey, Inc. ("Beneficial"), a finance company, alleging that Beneficial had failed to make proper and accurate disclosures with regard to a refinancing transaction, as was required by various state

-1-

and federal laws governing consumer loans. That proceeding continued apace until mid-July 2005, when the parties entered into settlement discussions. The parties apparently disagree as to whether a valid settlement agreement was ever reached. Nonetheless, on December 14, 2005, Beneficial filed a motion to compel enforcement of settlement, which was granted by the Bankruptcy Court in an order dated January 19, 2006.

Contending that she had not authorized her attorney to settle the adversary proceeding, Ms. Jackson-Bostic filed a Notice of Appeal of the Bankruptcy Court's decision, accompanied by a Designation of Record on Appeal, with this Court on April 13, 2006. Pursuant to the Federal Rules of Bankruptcy Procedure, Ms. Jackson-Bostic was required to file a brief with the Clerk of the Court, and to serve a copy on Beneficial, by April 28, 2006. She did not do so. Instead, on April 26, 2006, Ms. Jackson-Bostic mailed one copy of her brief, buried in a large bundle containing miscellaneous courtesy copies, directly to the Court. Beneficial, unaware of the existence of that brief, filed the present Motion to Dismiss on May 4, 2006.

## DISCUSSION

A.   Standard of Review

In the absence of prejudice to the appellee or bad faith on the part of the appellant, courts in this Circuit will generally decline to dismiss an appeal of a bankruptcy court decision for failure to comply with a procedural rule. See In re Comer, 716 F.2d 168, 177 (3d Cir. 1983) ("Not every failure to follow procedural rules mandates dismissal of the appeal."); see also In re Alexander, Civ. A. 05-2457 MLC, 2006 WL 753148, at *7 (D.N.J. Mar. 22, 2006) ("[D]ismissal of a bankruptcy appeal for failure to comply with . . . a procedural rule is a harsh sanction to be imposed rarely.").

B.     Federal Rules of Bankruptcy Procedure

Bankruptcy Rule 8009 provides that an appellant "shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr. P. 8009. The requirements of proper filing and service, in turn, are set out in Bankruptcy Rule 8008, which provides in relevant part:

> (a) Filing
>
> Papers required . . . to be filed with the clerk of the district court . . . may be filed by <u>mail addressed to the clerk</u>, but filing is not timely unless the papers are received <u>by the clerk</u> within the time fixed for filing, except that briefs are deemed filed on the day of mailing. An original and one copy of all papers shall be filed when an appeal is to the district court . . . .
>
> (b) Service of all papers required
>
> Copies of all papers filed by any party . . . shall, at or before the time of filing, <u>be served by the party or a person acting for the party on all other parties to the appeal</u>. Service on a party represented by counsel shall be made on counsel.
>
> . . . .

Fed. R. Bankr. P. 8008 (emphasis added).

Her mailing of April 26, 2006 notwithstanding, Ms. Jackson-Bostic violated Bankruptcy Rule 8009 when she failed to properly file and serve her brief by the April 28, 2006 deadline. Nonetheless, the Court will deny Beneficial's Motion to Dismiss under the <u>Comer</u> test. First, Beneficial does not contend that it has been prejudiced by Ms. Jackson-Bostic's violation. Second, the Court finds no evidence of bad faith on the part of Ms. Jackson-Bostic. To the contrary, Ms. Jackson-Bostic appears to be attempting to diligently pursue her appeal, as demonstrated by the misguided mailing of April 26. Accordingly, the Court will permit her to continue to pursue her appeal.

Ms. Jackson-Bostic is strongly cautioned, however, that a pro se litigant is not excused from conforming to standard procedural rules.  See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules . . . should be interpreted so as to excuse mistakes by those who proceed without counsel.").  She is further admonished to adhere henceforth to her obligations under the Bankruptcy Rules, to the filing schedule set forth below, and to this and any future orders of the Court.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 15th day of May, 2006,

ORDERED that Appellee's Motion to Dismiss [5] is DENIED; and it is further

ORDERED that, pursuant to Fed. R. Bankr. P. 8019, Appellant shall serve and file her brief within ten (10) days after entry of this Order; and it is further

ORDERED that Appellee shall serve and file its brief within fifteen (15) days after service of Appellant's brief; and it is further

ORDERED that Appellant shall serve and file her reply brief within ten (10) days after service of Appellee's brief; and it is further

ORDERED that the parties shall henceforth adhere to their obligations under the Federal Rules of Bankruptcy Procedure.

                                                                                    s/Anne E. Thompson
                                                                                 ANNE E. THOMPSON, U.S.D.J.